UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAYLOND KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:18-CV-3286-G |
| PRO REPAIR TEXAS LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant Pro Repair Texas, LLC ("Pro Repair")'s motion to dismiss the plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss (docket entry 9). For the reasons stated below, Pro Repair's motion is granted.

### I. BACKGROUND

This case concerns Pro Repair's alleged failure to properly pay the plaintiff overtime compensation in line with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. *See generally* Complaint (docket entry 1). The parties in this case consist of the plaintiff Jaylond King ("King") and the defendant Pro Repair. *Id*. at 1. King is a resident of Dallas, Texas who works as a repair technician for Pro Repair. *Id*. Pro Repair is a Texas limited liability company located in Fort Worth, Texas that

provides computer, tablet, and smartphone repair services.  *Id*. at 2; Answer (docket entry 10) at 2.

As stated in King's complaint, King alleges that at all relevant times he was an employee of Pro Repair engaged in commerce or the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.  Complaint ¶ 4.  King also avers that at all relevant times Pro Repair was an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).  *Id.* ¶ 6.  Further, King contends that at all relevant times Pro Repair achieved annual gross sales made or business done of not less than $500,000.00 in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).  *Id.* ¶ 8.  Additionally, King avers that at all relevant times during his employment, Pro Repair issued paychecks to him, directed his work, and benefitted from the work he performed.  *Id*. at 2.

More importantly, however, King explains that from approximately October 2017 through September 2018 King worked for Pro Repair as a repair technician fixing broken screens on smartphones, tablets, and computers.  *Id*.; Answer at 3.  Both King and Pro Repair agree that King was paid on an hourly basis and that his time at work was tracked using a computer time tracking system.  Complaint at 3; Answer at 3.  Nevertheless, King and Pro Repair disagree as to the total amount of time King worked.  Complaint at 3; Answer at 3.  Whereas King alleges that he worked more than forty hours a week and thus should have received overtime

compensation, Pro Repair denies that King ever worked in excess of 40 hours of week.  Complaint at 3; Answer at 3.

As King believed he was entitled to overtime compensation, since he "typically worked approximately 50 hours a week," *see* Complaint at 3, on December 12, 2018, King filed the instant action against Pro Repair for overtime compensation under the FLSA.  *See generally* Complaint.  Shortly thereafter, on January 28, 2019, Pro Repair filed the instant motion to dismiss.  *See* Motion to Dismiss.  Also on the same date, Pro Repair filed its answer to King's complaint.  *See* Answer.  On February 11, 2019, King filed his response to Pro Repair's motion to dismiss.  *See* Response (docket entry 12).  Pro Repair never filed a reply.  Pro Repair's motion to dismiss is thus now ripe for decision.

## II.  ANALYSIS

### A.  Legal Standard

#### 1.  *Rule 12(b)(6) Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (quoting Federal Rule of Civil Procedure 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." See *id*. at 679, 683.

2. *FLSA Coverage*

"In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that show coverage under the FLSA." *Andrews v. Faith Ministries of Texas, Inc.*, No. 3:13-CV-1407-BF, 2015 WL 4257555, at *1 (N.D. Tex. Jul. 13, 2015) (Stickney, Magistrate J.) (citing *Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010)). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir.) (internal quotations omitted), *cert. denied,* 506 U.S. 915 (1992). "*Either* individual or enterprise coverage is enough to invoke FLSA protection." *Id*. (emphasis in original). "Commerce" under the FLSA "means trade, commerce, transportation, transmission,

or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). An enterprise engaged in commerce or in the production of goods for commerce means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);
>
> (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or
>
> (C) is an activity of a public agency.

29 U.S.C. § 203(s)(1).

## B. Application

In its motion to dismiss, Pro Repair argues that King fails to plead a plausible FLSA claim because King's complaint lacks sufficient factual allegations to establish enterprise coverage under the FLSA. *See generally* Motion to Dismiss. Specifically, Pro Repair contends that paragraphs 4, 6, and 7 contain zero facts establishing

enterprise coverage under the FLSA, and instead each paragraph simply contains a "recitation of a statutory element under the FLSA." *Id*. at 2-3.  Accordingly, Pro Repair asks that this court dismiss King's suit.  *Id*. at 3.

King responds, however, by arguing that his complaint goes further than simply reciting the statutory elements for an FLSA claim.  *See* Response at 2.  In particular, King points out that his complaint contains factual allegations that: (1) Pro Repair is in the business of providing repair services on smartphones, computers, and tablets; (2) King worked for Pro Repair as a repair technician, whose primary duties including repairing broken screens on electronics; and (3) Pro Repair, in providing repair services, was an enterprise engaged in interstate commerce or in the production of goods for commerce that employed two or more persons, including King.  Response at 2-3.  In King's view, when these factual allegations are taken as true, there is no question that he has sufficiently pleaded enterprise coverage under the FLSA or that he states a plausible claim for a violation of the FLSA.  *Id*. at 3.  Additionally, King argues that he states a plausible claim for relief under the FLSA since his complaint puts Pro Repair on fair notice of his claim.  *Id*.

Having reviewed each parties' arguments, the court agrees with Pro Repair.  Courts routinely dismiss FLSA claims under Rule 12(b)(6) where the plaintiff has provided the court with nothing more than a verbatim recitation of the statutory elements for an FLSA claim.  See *Andrews,* 2015 WL 4257555 at *2; see also *Minifield*

*v. Star Delivery Service, Inc. & Roy Chapman*, No. 3:13-CV-02521-P, 2013 WL 12137164, at *1-2 (N.D. Tex. Oct. 3, 2013) (Solis, J.); *Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *2-4 (N.D. Tex. Nov. 16, 2011) (Fitzwater, Chief J.); *Lindgren*, 2010 WL 5437270 at *3. Here, that is exactly what King has done in paragraphs 4, 6, and 7 of his complaint. *See* Complaint ¶¶ 4, 6, 7. In paragraph four, King alleges, without any factual support, that he "was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207." *Id*. ¶ 4. Additionally, in paragraph six, King avers, without factual support, that Pro Repair "was an 'enterprise engaged in commerce or the production of goods for commerce' within the meaning of the FLSA, 29 U.S.C. § 203(s)." *Id*. ¶ 6. Further, in paragraph seven of his complaint, King asserts, without any factual support, that Pro Repair "has employed two or more persons, including [King], 'engaged in commerce or in the production of goods for commerce.'" *Id*. ¶ 7. These paragraphs are not allegations of fact. Rather, "they are nothing more than a 'formulaic recitation of the elements of a cause of action.'" *Morrow*, 2011 WL 5599051 at *3 (quoting *Twombly*, 550 U.S. at 555). As such, the allegations within these paragraphs fail to nudge King's claim across the line from conceivable to plausible. See *Ashcroft*, 552 U.S. at 679, 683.[*]

---

[*] Although not mentioned by Pro Repair, King also alleges, without any factual support, that "[a]t all relevant times, [Pro Repair] achieved annual gross sales
(continued...)

Additionally, King's inclusion of the factual allegations that Pro Repair provided repair services for certain electronics and that he worked as a repair technician for Pro Repair do not transmogrify his conclusory allegations into a plausible claim for relief. Although these factual allegations describe the work done by Pro Repair, as well as King's role at Pro Repair, they do not show "how that work engages him in interstate commerce." *Morrow*, 2011 WL 559051 at *3; see also *Minifeld*, 2013 WL 12137164, at *2.

Similarly, King's argument that he states a plausible claim because his complaint gives Pro Repair fair notice is also flawed. "[T]he Supreme Court has made clear that notice alone is insufficient to allow a pleading to survive a motion to dismiss." *Minifeld*, 2013 WL 12137164, at *2 (citing *Ashcroft*, 556 U.S. at 683). Additionally, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process." *Id*. (citing *Twombly*, 550 U.S. at 559).

In short, because King fails to provide the court with sufficient factual allegations and instead relies upon conclusory recitations of the elements of an FLSA

---

*(...continued)
made or business done of not less than $500,000.00 in accordance with
§ 203(s)(1)(A)(ii). *See* Complaint ¶ 8. King's failure to provide any factual support for the allegation within paragraph 8 of his complaint make this paragraph another formulaic recitation of an FLSA element that is insufficient to state a plausible claim for relief under the FLSA. See *Morrow*, 2011 WL 5599051, at *3.

claim to state his claim, the court concludes that he has not met his burden of pleading a plausible claim.  Moreover, because King has failed to allege facts that, if taken as true, establish coverage under the FLSA, Pro Repair's Rule 12(b)(6) motion to dismiss is granted.

### III. CONCLUSION

For the reasons stated above, Pro Repair's motion to dismiss is **GRANTED**. The court will, however, permit King to replead his complaint.  See *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").  King must file his amended complaint within 30 days of the date this order is filed.

**SO ORDERED.**

August 9, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**